HARRIS, Judge,
dissenting.
I respectfully dissent.
I recognize the weight that HRS and this court must give to the findings of fact made by the hearing officer. However, in this case and based on this record, it appears that the findings of fact were influenced by understandable concern and sympathy for a foster mother under considerable stress. Such findings of fact, however, appear to me to be beyond reason and common understanding.
The picture in evidence reveals bite marks apparent on the child’s face — not scratches occurring from the child’s face “accidentally” coming into contact with the foster mother’s teeth when the foster mother pulled this hyperactive child to her face in order to gain the child’s attention.
The medical doctor who examined the child’s injury testified that the amount of force required to make the bite marks was inconsistent with an accidental injury. And the foster mother testified:
And as I said that [“shape up”] I bit him. I actually bit the child. I looked at Michael and Michael looked at me and I said, I bit you. I bit you.
And then I looked over at Alex and I said, I bit Michael. And I hugged Michael and I say, ‘oh, hon, I am so sorry. I did not mean to bite you.’
I, too, am sympathetic to this obviously caring foster mother who was frustrated because she could not gain the attention of this hyperactive, misbehaving child. I also agree that the bite was neither premeditated nor malicious. Rather, it appears to have been instinctive but, I submit, the record does not support a finding that it was accidental.
I would affirm.